IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FIDEL VILLAREAL,**

    Petitioner,

  v.                **Civil Action No. 5:22-CV-131**
                        Judge Bailey

**R.M. WOLFE,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 23, 2022, Fidel Villarreal, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia and is challenging the Bureau of Prison's ("BOP") requiring him to participate in the Inmate Financial Responsibility Program ("IFRP"). On May 25, 2022, the respondent was ordered to show cause why the petition should not be granted. On June 13, 2022, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 10]. On the same date, petitioner was issued a *Roseboro* Notice providing him with twenty-one days to file any opposition to the Motion. [Doc. 11]. On July 5, 2022, petitioner filed a response to the Motion [Doc. 13], and on July 13, 2022, the respondent filed a reply. The Motion is now fully briefed and ripe for decision. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons

1

set forth below, the undersigned recommends that the Motion to Dismiss be granted and that the petition be dismissed.

## II.   BACKGROUND

On August 10, 2012, petitioner was found guilty of conspiracy to bring aliens to the United States for financial gain, eleven counts of bringing aliens to the United States for financial gain, receiving bribes by public officials, and conspiracy to launder money through international promotion.[1]  On June 21, 2013, petitioner was sentenced to a total of thirty years imprisonment, to be followed by a term of supervised release of three years.  At that time, petitioner was ordered to pay a fine in the amount of $250,000, due immediately.  However, following a successful appeal, the United States Court of Appeals for the Ninth Circuit vacated petitioner's sentence, and he was resentenced on April 11, 2016.  An amended judgment was entered on April 21, 2016; the period of incarceration remained unchanged, but the amended judgment altered the fine requirement, leaving the amount at $250,000, but directed payments be made as part of the IFRP.  The order directed payment as follows:

> Defendant shall pay a fine in the amount of $250,000.00 concurrent as to each count. Payable at the rate of $25.00 per month through the inmate financial responsibility program. You shall comply with requests by the U.S. attorney's office regarding collection of the fine with respect to debtor's

---

[1] These facts are taken from the petitioner's criminal case, **USA v. Villarreal et al**, 3:08-CR-1332-JAH in the United States District Court for the Southern District of California, available on PACER. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

exams in order to identify payments and sources of income or funds to pay the fine. And during the course of supervised release, you shall pay an amount of 150 dollars per month towards your fine.

*USA v. Villarreal et al*, 3:08-CR-1332-JAH, (S.D. Ca. 2016) [Doc. 494 at 5].

On May 23, 2022, petitioner filed the instant petition. [Doc. 1]. In the petition and memorandum in support, petitioner challenges the implementation of the IFRP. First, he contends that the BOP has placed him in "IFRP refuse" status, adding "overwhelming punitive burdens" to his sentence. [Doc. 1 at 6]. Second, that the sentencing court never set a schedule for him to make payments during the oral pronouncement of his sentence. [Id.]. In his memorandum in support, he contends that the ambiguity between the sentencing transcript and the written judgment must be resolved in favor of the actual pronouncement made at sentencing. [Doc. 1-1 at 6]. Third, petitioner similarly argues that IFRP payments were never authorized at sentencing. [Doc. 1 at 6]. Finally, petitioner contends that he was coerced into signing his initial IFRP contract and that he was not allowed to review the contract or have it explained to him. [Id. at 7].

On June 13, 2022, respondent filed the instant Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 10]. Respondent argues, first, that petitioner has failed to exhaust administrative remedies before filing his petition. [Doc. 10-1 at 7–8]. Second, respondent argues that the BOP's administration of petitioner's IFRP is appropriate; specifically, respondent points to the amended judgment which ordered petitioner to make $25 monthly payments through the IFRP. [Id. at 8–9].

3

### III. STANDARD OF REVIEW

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See **Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

**B. Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light

4

most favorable to the plaintiffs.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

**C.  Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine

issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

### IV.   ANALYSIS

**A. Exhaustion of Administrative remedies**

The undersigned finds respondent's motion and memorandum persuasive. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.

42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."   *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in *Carmona*, supra, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.

> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

Here, respondent shows that petitioner has not filed *any* administrative remedies while in custody. Petitioner asserts in his response that administrative remedies were unavailable during COVID lockdown and argues that administrative remedies would have been futile. To the extent he asserts that remedy forms were unavailable, the undersigned finds that plaintiff's bare allegation lacks credibility. *See Jordan v. Fed. Bureau of Prisons*, No. 5:16-CV-31, 2017 WL 9605038, at *12 (N.D. W.Va. Dec. 12, 2017) (Aloi, M.J.), *report and recommendation adopted*, No. 5:16-CV-31, 2018 WL 638750 (N.D. W.Va. Jan. 31, 2018). Likewise, administrative remedies do not appear to be futile in this case. *See Reeder v. Phillips*, Civil Action No. 1:07-CV-138, 2008 WL 2434003, at *3 (N.D. W.Va. June 12, 2008) (Keeley, J.) ("Unless the agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.") (citing *Thetford Properties IV Ltd. P'ship v. U.S. Dep't of Hous. & Urb. Dev.*, 907 F.2d 445, 450 (4th Cir. 1990) (allowing party to avoid administrative process through "unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule.")). Accordingly, the petition should be dismissed for failure to exhaust administrative remedies.

**B. Inmate Financial Responsibility Program**

The undersigned finds that even if exhaustion were excused, dismissal is warranted in this case. The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order. See 28 C.F.R. § 545.10-545.11. Under the program, prison staff assists an inmate in developing a financial plan to meet those obligations, and monitors the inmate's progress under the plan. Id. § 545.11. The BOP sets payment amounts based on the inmate's financial profile, including the inmate's specific obligations, institution resources, and community resources. Id. § 545.11(b). An inmate is responsible for maintaining progress in fulfilling the financial obligations of the plan. Id.

Inmates declining to participate in IFRP, or to comply with a financial plan created pursuant to it, will lose certain privileges. Id. §545.11(d). The loss of privileges resulting from an inmate's refusal to participate in the IFRP "ordinarily" include: notification to the Parole Commission; denial of furlough; denial of performance pay above the maintenance pay level, or bonus pay, or vacation pay; denial of work detail outside the secure perimeter of the facility; denial of UNICOR assignments; imposition of a monthly commissary spending limitation more stringent than the limitation set for all inmates; being quartered in the lowest housing status; denial of placement in community-based programs; denial of release gratuity; and denial of incentives for participation in residential drug treatment programs. Id. § 545.11(d)(1)-(11). "The conditions in § 545.11(d) amount to the loss of privileges, not the imposition of hardships upon non-participating inmates." **Driggers v. Cruz**, 740 F.3d 333, 338 (5th Cir. 2014). An inmate does not have "a preexisting right to receive any of the benefits conditioned on his participation during his incarceration, and

the consequences the BOP imposes on inmates who refuse to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation." ***United States v. Lemoine***, 546 F.3d 1042, 1046 (9th Cir. 2008).

Here, the sentencing court clearly directed petitioner to make payments through the IFRP.  To the extent petitioner argues that he is being coerced into participation or that participation is not voluntary, the loss of privileges for refusing to participate in IFRP are permitted by 28 C.F.R. § 545.11.

> Additionally, even though an inmate's failure to comply with the IFRP can have negative consequences, "compelled participation in the program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. ***Cupp*[ *v. Reed***, Civil Action No. 2:08-CV-62], 2009 WL 277554 at *2 (citing ***Johnpoll*[ *v. Thornburgh***], 898 F.3d [849,] 851).

***United States v. Fuentes-Quinones***, Criminal Action No. 1:17-CR-71-2, 2021 WL 3353851, at *5 (N.D. W.Va. Aug. 2, 2021) (Keeley, J.).  Accordingly, dismissal is appropriate even if this Court were to excuse the failure to exhaust administrative remedies.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 10**] be **GRANTED**, and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report

and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* petitioner by certified mail, return receipt requested. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED:** July 22, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE