IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FIDEL VILLARREAL,**

        Petitioner,

v.                                          **CIVIL ACTION No. 5:22-CV-131**
                                                   Judge Bailey

**R. M. WOLFE,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 15]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 22, 2022, wherein he recommends that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 10] be granted, and that the petition [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objection [Doc. 17] on August 5, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

**A.    Objections to R&R**

Petitioner raises five (5) objections to the R&R. *See* [Doc. 17]. First, petitioner objects to Magistrate Judge Mazzone "re-characterizing his constitutional claims by

rephrasing the claims and then addressing ONLY part of the claim and/or an entirely different claim then what was raised by the Petitioner in his pleadings." See [Id. at 1].

Second, petitioner objects to Magistrate Judge Mazzone's "misstatements, taken out of context," from petitioner's memorandum in support. See [Id. at 2]. Petitioner states he never used the word "ambiguity" to indicate his finding of non-conformity between his oral pronouncement of sentence and his amended written judgment. See [Id.].

Third, petitioner objects to Magistrate Judge Mazzone "addressing claims not raised in [petitioner's] memorandum. . . ." See [Id. at 3–4]. For example, petitioner states he never asserted that because of the COVID lockdown that administrative remedies were unavailable.

Fourth, petitioner objects to Magistrate Judge Mazzone's failure to address the "egregious conduct undertaken by FCI Gilmer's Counselor Ware. . . ." See [Id. at 4].

Fifth, petitioner objects to Magistrate Judge Mazzone's failure to address the oral pronouncement of sentence and determining that petitioner was directed by the Court to make payments for his imposed fine, while in prison, through the Bureau of Prison's IFRP. See [Id. at 5].

Petitioner ultimately requests this Court to reject the R&R, remand for an evidentiary hearing before a new magistrate judge, or grant the petition and instruct the BOP Warden R. M. Wolfe to vacate all sanctions imposed against petitioner and to restore petitioner to the position he would have been but for the Bureau of Prison's decision to place him in "IFRP Refuse" status. Moreover, petitioner requests this Court to prevent future attempts

by the BOP to collect the fine, and to instruct the BOP to place petitioner in a "no obligation" status.

The Court has conducted a *de novo* review only as to the portions of the R&R to which petitioner objected. The remaining portions of the R&R to which petitioner has not objected have been reviewed for clear error.

Thus, this Court finds that the issues raised by petitioner in his objections were thoroughly considered by Magistrate Judge Mazzone in said R&R. The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections [**Doc. 17**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 15**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITH PREJUDICE** and respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 10**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 8, 2022.

                                                                      **JOHN PRESTON BAILEY**
                                                                      **UNITED STATES DISTRICT JUDGE**